LABEAUME, Plaintiff in Error, *vs.* POCTLINGTON, Defendant in Error.

1. In a petition upon a breach of warranty of soundness in the sale of a horse, it is unnecessary to negative the idea that the defects were apparent.
2. *It seems,* that the general allegation of unsoundness, without specification, would be sufficient.

*Error to St. Louis Law Commissioner's Court.*

*H. N. Dedman,* for plaintiff in error.
*Spies & Weer,* for defendant in error.

LEONARD, Judge, delivered the opinion of the court.

This was a demurrer to a petition upon a breach of warranty of soundness in the sale of three horses. The grounds of demurrer were the want of allegations in the petition that the alleged unsoundness lessened the value of the horses, and that the diseases were not patent defects, known to the buyer.

The petition shows a general warranty of soundness, contained in a written bill of sale, and contains a general averment of unsoundness, and then proceeds to specify in what that unsoundness consisted, alleging that one of the horses had the spavin, and string-halt, and was badly jammed in the shoulders, and concludes with the averment that the plaintiff was defrauded, and had sustained damage thereby to the amount of one hundred and fifty dollars, for which he asked judgment.

We see nothing in the objections. It is said that if the defects are apparent to the buyer, they are not covered by a general warranty; but it has never yet been said, that we are aware of, that the pleader, in stating his case, must negative the idea that they were patent defects, apparent to the buyer, and we shall not be the first court to say so.

The general averment of unsoundness was deemed sufficient under our old practice, and we see no reason why it should not

be considered so under the new system ; but however this may be, this party has specified in what the alleged unsoundness consisted, averring that the horse had the spavin, and the string-halt, and was badly jammed in his shoulders, and this, we think, ought to be taken as sufficient upon a demurrer, even without an express averment that all these ailments lessened the value of the animal.

Let the judgment, the other judges concurring, be reversed, and the cause remanded.